FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 SEP -6 AM 9: 47

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AGAPE CHRISTIAN FELLOWSHIP OF ARLINGTON, | § § § | CASE NO. 07-40983-dml-11 |
| | § | (Bankruptcy Court Number) |
| Debtor, | § | |
| | § | |
| RAE LYNN YANCY, *et. al.*, | § § | |
| Plaintiffs, | § § | NO. 4:07-CV-291-A (District Court Number) |
| v. | § § | (Consolidated with |
| AGAPE CHRISTIAN FELLOWSHIP OF ARLINGTON, | § § § | District Court Cause No. 4:07-CV-401-A) |
| | § | |
| Defendant. | § | |

### JOINT MOTION TO ABATE PENDING IMPLEMENTATION OF SETTLEMENT

COME NOW Agape Christian Fellowship of Arlington (the "Debtor"), Rae Lynn Yancy, Alexus Jones, Krystal Buchanan, Rosita Sterling, and Joycelyn Lloyd (collectively, the "Claimants", together with the Debtor, the "Parties"), and file this their *Joint Motion to Abate Pending Implementation of Settlement* (the "Motion"), respectfully stating as follows:

#### I.   BACKGROUND

1.   On March 5, 2007, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby creating its bankruptcy estate (the "Estate") and initiating the above styled and numbered bankruptcy case (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). The Bankruptcy Case continues proceeding in the Bankruptcy Court below, and the Debtor continues to manage the Estate as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is a Christian, primarily African American, church located in Arlington, Texas. Each of the Claimants has filed a $10 million claim against the Estate. In a nutshell, each of the Claimants alleges that she was sexually assaulted by Terry Hornbuckle, the Debtor's former bishop, and that the Debtor is liable on account of such alleged sexual assault. The Debtor has disputed each of the Claimants' allegations.

3. Specifically, on May 15, 2007, the Debtor objected to the claim of Yancy, and this Court withdraw the reference of that claim, and the Debtor's objection thereto, from the Bankruptcy Court. On July 9, 2007, the Debtor filed an omnibus objection to the claims of the remaining Claimants, and this Court withdrew the reference of those claims and of the Debtor's objections thereto. On August 7, 2007, this Court consolidated the Yancy claim objection proceeding with the omnibus claim objection proceeding under Cause No. 4:07-CV-291-A (the "Consolidated Proceeding").

4. On August 7, 2007, the Court entered its revised scheduling order governing this Consolidated Proceeding (the "Scheduling Order"). Among other things, the Scheduling Order: (i) sets November 16, 2007 as the discovery cut-off; (ii) sets a pretrial conference for January 2, 2008; and (iii) sets this Consolidated Proceeding for trial the week of February 25, 2008.

5. Beginning in May, 2007, and several times thereafter, the Parties mediated the various issues involved in this Consolidated Proceeding, with the Honorable Harlin D. Hale, U.S. Bankruptcy Judge, serving as the mediator. In late August, 2007, the Parties reached a comprehensive, final, and global settlement, which the Parties reduced to an executed Rule 11 agreement (the "Settlement"), which disposes of all issues in this Consolidated Proceeding.

6. The Court has jurisdiction over this Consolidated Proceeding under 28 U.S.C. § 1334 pursuant to its original bankruptcy jurisdiction to adjudicate the bankruptcy claims of the Claimants, having withdrawn the reference thereof from the Bankruptcy Court.

## II. REQUEST FOR RELIEF

7. The Parties have settled all issues in this Consolidated Proceeding. However, given the dictates of the Bankruptcy Code and the facts of the Bankruptcy Case, the Debtor is not able to obtain final bankruptcy approval of the settlement for several months, during which time the Parties would find themselves expending substantial resources preparing to try this Consolidated Proceeding, the Court would be expending its judicial resources adjudicating various pretrial motions, and extensive and intrusive discovery from third parties would be taken.

8. To conserve the Parties' resources, to promote judicial efficiency, and to spare all involved the burdens of potentially unnecessary discovery, the Parties therefore request that the Court abate this Consolidated Proceeding on such terms as the Court deems just and appropriate. The Parties suggest that the Court order a blanket abatement, with either a status conference or a status report to be filed in late October or early November, 2007, to apprise the Court of the status of the implementation of the Parties' settlement in the Bankruptcy Case.

## III. ARGUMENTS AND AUTHORITIES

9. The scheduling of matters before this Court is uniquely within the discretion and inherent power of the Court. *See, e.g., United States v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005) ("[t]he scope of the district court's discretion to manage trials before it is and must be particularly broad. District courts have wide-ranging control over management of their dockets, the courtroom procedures . . ." (internal quotations omitted)). This Court has broad authority to abate a proceeding when in the interests of justice or for comity. *See, generally, Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

10. Here, the Parties have executed their Settlement. However, because the Debtor is a debtor-in-possession in the Bankruptcy Case, the Debtor is precluded from agreeing to a settlement as an ordinary private litigant would normally be able to do. Specifically, pursuant to

Bankruptcy Rule 9019, the Debtor cannot agree to the Settlement, and the Settlement would not be effective, unless and until approved by the Bankruptcy Court. Normally, this process would take approximately thirty (30) days.

11. The Parties' Settlement is still more complicated. Given the Settlement's size, importance to the Bankruptcy Case, and its provisions dictating the form of a plan of reorganization, and in light of applicable Fifth Circuit precedent prohibiting *sub rosa* bankruptcy plans in the guise of a Bankruptcy Rule 9019 settlement, the Debtor believes that the Settlement may have to be presented to the Debtor's creditors and to the Bankruptcy Court in the form of a plan of reorganization. This process would take at least sixty (60) days, and more realistically ninety (90) days, to finalize.

12. Because the Settlement must be presented through a plan of reorganization, the Settlement likewise becomes contingent on the Debtor's ability to sell certain land to propose and fund its anticipated plan. Namely, the Debtor is in the process of selling certain real property for the price of $1 million, which matter is set for a hearing before the Bankruptcy Court on September 25, 2007. The closing of this sale is not only an explicit condition precedent to the Settlement, but is also required as a practical matter to enable the Debtor to fund the Settlement and propose and fund a plan of reorganization. It makes no economic sense for the Debtor to propose a plan of reorganization unless and until this sale closes. Otherwise, the Debtor would be expending its resources to propose a plan of reorganization that may have to be withdrawn if the sale fails to close. That being said, the Debtor is confidant that the sale will close, which should occur in early October, 2007.

13. If the sale closes, the Debtor believes that there is a reasonable probability that the Bankruptcy Court may hear and confirm the Debtor's anticipated plan of reorganization by the end of 2007. At that time, this Consolidated Proceeding would be fully and finally settled

pursuant to the Settlement as embodied in such plan. However, the Parties will not know this for a certainty until December, 2007, at the earliest.

14. Accordingly, the Parties respectfully request that the Court abate all matters in this Consolidated Proceeding to permit the Parties to effectuate their Settlement, because the Parties reasonably and in good faith believe that their Settlement will be implemented, which would avoid the necessity of continuing discovery and other proceedings in this Consolidated Proceeding. Conversely, not granting the requested abatement may mean that the Parties and the Court would be expending potentially unnecessary resources.

15. The Debtor has a fiduciary duty to the Estate and to its creditors to minimize reorganization expenses and administrative claims. If the Court abates this Consolidated Proceeding, the Estate will be spared upwards of $150,000 that the Debtor anticipates it would otherwise expend on this Consolidated Proceeding by December, 2007, on such matters as experts, discovery, private investigators, dispositive motions, and briefing. Those funds, if saved, would not go to the Debtor but would instead go to the Estate's creditors and would greatly assist the Debtor in proposing a plan that pays its unsecured creditors 100 %, which the Debtor presently believes to be a realistic possibility. Accordingly, abating this Consolidated Proceeding would not just serve the interests of the Court, the Claimants, and the Debtor, but also the interests of all of the various creditors in the Bankruptcy Case.

16. With respect to the Court's resources, the Parties anticipate that significant pretrial motions will be filed. The Debtor anticipates filing motions for summary judgment on at least two of the Claimants' claims, which will involve complicated statute of limitations issues. The Debtor also anticipates filing one or more motions for summary judgment in the nature of "no evidence" motions and testing whether the Debtor's alleged liability to the Claimants is capped by applicable Texas statute. The Parties anticipate that appropriate motions will be filed

regarding whether Terry Hornbuckle's criminal conviction for sexually assaulting three of the Claimants will be *res judicata* and will otherwise be admissible. The Parties also anticipate that discovery disputes regarding discovery from third parties may become an issue. All of these pretrial motions and potential issues could be avoided if the Court grants the requested abatement, thereby sparing the Court the burdens of adjudicating the same.

17. Without elaborating on details, given the nature of the claims asserted by the Claimants, the trial of those claims will involve exceedingly private, embarrassing, and traumatic issues. Furthermore, given the lack of pre-bankruptcy proceedings for two of the Claimants, and the infancy of the discovery proceedings for the other three Claimants, discovery concerning the Claimants' claims has just begun and is anticipated by the Debtor to be extensive, including discovery from third party medical providers, expert discovery, and discovery from numerous third party witnesses. Abating this Consolidated Proceeding will spare the Claimants the emotional trauma that would otherwise be involved in a sexual assault and negligence proceeding such as this one. One Claimant has already been deposed by the Debtor in this Consolidate Proceeding, which proved to be a highly emotional and traumatic experience for her. Furthermore, the Debtor, absent abatement, intends immediately to start taking extensive third party discovery concerning the Claimants' medical histories, sexual histories, and all other relevant facts, which is likely to subject third parties to embarrassment as well. The Parties submit that it would be beneficial for all if such intrusive and emotional discovery could be avoided.

18. Accordingly, the Parties submit that abating this Consolidated Proceeding will: (i) conserve the resources of the Parties; (ii) promote judicial efficiency and conserve the Court's judicial resources; (iii) potentially relieve the Claimants of intrusive and traumatic discovery; and (iv) serve the interest of non-parties to this Consolidated Proceeding.

19. Additionally, granting the requested abatement would not prejudice the Parties, the Court, or any issue in this Consolidated Proceeding. Although the speed with which this Consolidated Proceeding is tried is of great importance to the Parties, the Parties see no reason why that speed, with the grace of the Court, could not be resumed if its turns out that the Parties are unable to effectuate the Settlement given the facts of the Bankruptcy Case. Evidence will not be lost and all Parties will be able to prepare for trial, although trial in that instance will have to be postponed by approximately the same length of time as the requested abatement.

20. To ensure a minimum of prejudice, the Parties suggest that the Court order either a status conference, or order the filing of a status report, in late October or early November, 2007. At that time, and based on the Parties' update to the Court, the Court can best decide whether to continue the requested abatement in place, or to revise its Scheduling Order to advance this Consolidated Proceeding towards trial. Towards that end, the Parties submit that a live status conference would best enable the Parties to apprise the Court of the status of the Settlement and the Bankruptcy Case, and to answer any questions or address any concerns that the Court may have.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court enter the proposed Agreed Order submitted herewith, or such other order as the Court finds appropriate, which grants this Motion, abates this Consolidated Proceeding until further order of the Court, contains an appropriate provision requiring that the Parties submit a status update, and that the Court grant the Parties such other and further relief as it may deem to be just and appropriate.

Respectfully submitted this 5th day of September, 2007.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _____
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR THE
DEBTOR-IN-POSSESSION**

**LAW OFFICES OF G. LEE FINLEY, P.C.**

By: G. Lee Finley w/ permission by Davor Rukavina
    G. Lee Finley, Esq.
    Texas Bar No. 24014609
    P.O. Box 1307
    Coppell, Texas 75019
    Telephone: (214) 295-6185
    Facsimile: (214) 257-8925

**ATTORNEYS FOR JOYCELYN
LLOYD, ROSITA STERLING,
KRYSTAL BUCHANAN, ALEXUS
JONES, AND RAE LYNN YANCY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 5th day of September, 2007, he caused a true and correct copy of this Motion, together with the proposed agreed order thereon, to be served by U.S. first class mail, postage prepaid, on the following:

> Counsel for Claimants:
> G. Lee Finely, Esq.
> The Law Offices of G. Lee Finley, P.C.
> P.O. Box 1307
> Coppell, Texas 75019

By: _____
Davor Rukavina, Esq.